IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE GUSTER,

    Petitioner,                      No. CIV S-07-0521 FCD GGH P

    vs.

THE SUPREME COURT OF
CALIFORNIA, et al.

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for "a writ of mandate," asking this court to direct the California Supreme Court to rule on his petition for writ of habeas corpus, apparently filed on October 18, 2005, in the state supreme court. Petitioner has not paid a filing fee for this filing.

        Petitioner states that while the state supreme court has no deadlines for rendering decisions, rulings must be rendered as soon as possible and that his petition for writ of habeas corpus has been before the state's high court for a year and five months. Petition, p. 1. He avers that he submitted an inquiry to the state supreme court seeking a status update on October 14, 2006, to which he received no reply and "an informal letter for injunction [sic] relief" on November 14, 2006, to which he also received no response. Id.

Petitioner contends that the state supreme court's delay in ruling upon his petition does not allow him to pursue a petition for writ of habeas corpus in federal court. Id. Petitioner asks this court to compel the state supreme court to render a decision on petitioner's application before that court. Petition, p. 2.

Federal courts lack jurisdiction to issue a writ of mandamus to a state court. Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991), citing 28 U.S.C. § 1651. Second, while there is a one-year statute of limitations applicable to the filing of petitions, pursuant to 28 U.S.C. § 2254, in federal court under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. Therefore, assuming that petitioner has a properly filed application before the state supreme court, the period during which it remains pending would generally be tolled. Third, although petitioner indicates that the state supreme court did deny his petition for review on May 12, 2004 (petition, p. 4), petitioner has not filed a federal habeas petition, setting forth those issues which have presumably been exhausted during the direct appeal process as well as those that remain unexhausted on state collateral review. Petitioner could have filed a mixed petition and then sought a stay, but he has failed to do so. See Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005). Petitioner's application for a writ of mandate should be dismissed.

Should the state court not issue a decision in the near future, petitioner can file a petition for a writ of habeas corpus in federal court and claim that he has exhausted his state remedies by virtue of giving the state courts an opportunity to rule on his petition. *The undersigned is not representing what the outcome of such a claim would be were it to be made.* Such a ruling would depend on the state of the record, and petitioner's custodian would have the opportunity to oppose the prosecution of any federal petition.

\\\\\

1        Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of mandate be dismissed and this case be closed.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/6/07                         /s/ Gregory G. Hollows

                                               UNITED STATES MAGISTRATE JUDGE

GGH:009
gust0521.fr